| | |
|---|---|
| 1<br>2<br>3<br>4 | RICHARD M. BARNETT, Esq.<br>Attorney at Law<br>#65132<br>105 West F Street, 4th Floor<br>San Diego, CA 92101<br>Telephone: (619) 231-1182 |
| 5<br>6 | Attorney for Petitioner<br>PAUL BROMLEY |

FILED

08 FEB 14 PM 4:44

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY  CP       DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

IN RE PETITION OF PAUL BROMLEY
FOR RELEASE OF SEIZED 2002 Ford Ranger,
California License 8A79085,
VIN 1GMEC16TX1J262096,

PAUL BROMLEY,

　　　　　　　　Petitioner.

Case No. 08CV 0300 H AJB

**PETITION OF PAUL BROMLEY
FOR RELEASE OF SEIZED
VEHICLE**

　　The Petitioner, PAUL BROMLEY, by and through his counsel, and pursuant to Title 18, United States Code, Section 983(f)(3)(A), hereby petitions this Court for the release of his 2002 Ford Ranger vehicle during the pendency of administrative and/or judicial forfeiture proceedings.

### STATEMENT OF THE CASE

　　On December 28, 2007, petitioner's vehicle was seized at the San Ysidro Port of Entry following the discovery of an individual who lacked a lawful right to enter the United States.

　　On January 28, 2008, petitioner filed his Seized Asset Claim Form and Hardship Petition with U.S. Customs and Border Protection seeking the release of the vehicle. (See Exhibit "A" attached hereto). As of the date of his filing, no response has been received to Mr. Bromley's administrative petition. This petition follows.

///

///

## STATEMENT OF THE LAW

On August 23, 2002, the Civil Asset Forfeiture Reform Act of 2000 (CAFRA) went into effect. One of the main elements of the statute provides for the what is often referred to as a Hardship Release, a provision for the release of property during the pendency of the forfeiture proceedings. The 'release' provisions are found in Title 18, United States Code, Section 983(f), which provides as follows:

**(f)    RELEASE OF SEIZED PROPERTY**

**(1)** A claimant under subsection (a) is entitled to immediate release of seized property if -

**(A)**   the claimant has a possessory interest in the property;

**(B)**  the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;

**(C)**  the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;

**(D)**  the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and

**(E)**   none of the conditions set forth in paragraph (8) applies.

In his petition to the U.S. Customs, Mr. Bromley met all of the above requirements. He set forth and he is the registered owner of the vehicle. [18 U.S.C. § 981(f)(1)(A)] (See Exhibit "A"). He further established his community ties by explaining he is a United States citizen and has been a resident of Southern California since birth. [18 U.S.C. § 981(f)(1)(B)]. He also explained the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to him for the following reasons. He works the graveyard shift at the Pechanga Resort and Casino. He resides in the mountains above Anza, California with his wife and 15 month old child. The closest public transportation is approximately 30 miles away. In case of an emergency while he's at work, his wife has no way to get to a hospital, other emergency care or a doctor. In addition, they live in a fire danger zone, and she has no transportation while he's at work to flee their home if necessary. Finally, on occasion it snows where they live and their other car which he uses to get to work, a Toyota Corolla, cannot handle the snow. Additionally, he needs the vehicle to tend to the normal necessities of life such

as grocery shopping, going to doctors appointments, etc. Finally, he demonstrated that the likely hardship from the continued possession by the government of the vehicle outweighs the risk that the vehicle will be destroyed, damaged, lost or transferred if it is returned to him during the proceedings as insurance has been maintained on the vehicle will to continue to be maintained should the vehicle be released to him. [18 U.S.C. § 981(f)(1)(D)]. Nevertheless, U.S. Customs has failed to even respond to his Petition.

In spite of Mr. Bromley's clearly demonstrated hardship arising from the seizure of the vehicle, U.S. Customs has failed to return the vehicle. Congress has provided a remedy for such inaction. Title 18, United States Code, Section 983(f)(3)(A) provides:

> If not later than 15 days after the date of a request under paragraph (2) the property has not been released, the claimant may file a petition in the district court in which the complaint has been filed or, if no complaint has been filed, in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized.

18 U.S.C. Section 983(f)(5) further provides:

> **The court shall render a decision on a petition filed under paragraph (3) not later than 30 days after the date of the filing,** unless such 30-day limitation is extended by consent of the parties or by the court for good cause shown. (Emphasis added).

18 U.S.C. Section (f)(6) goes on to require the following:

> If -
>
> **(A)** a petition is filed under paragraph (3); and
>
> **(B)** the claimant demonstrates that the requirements of paragraph (1) have been met, the district court <u>shall</u> order that the property be returned to the claimant, pending completion of proceedings by the Government to obtain forfeiture of the property. (emphasis added).

Mr. Bromley has met all of the above requirements. He has filed the petition under 18 U.S.C. Sections 983(f)(1) and (2), he had demonstrated that the requirements of paragraph (f)(1) have been met. Under these circumstances the statute calls for the court ordered release of the vehicle to him during the pendency of the forfeiture proceedings.

If the court grants this petition, the court may enter any order necessary to ensure that the value of the property is maintained while the forfeiture action is pending, including (1) permitting the inspection, photographing, and inventory of the property; (2) fixing a bond in accordance with Rule E(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims; and (3) requiring the claimant

to obtain or maintain insurance on the subject property. While it is petitioner's contention no bond is necessary in this case, he has no objection to permitting the inspection, photographing and inventory of the vehicle, nor requiring him to continue maintain insurance on the vehicle.

## CONCLUSION

Mr. Bromley needs his vehicle to take care of his wife, child and the needs of his family. U.S. Customs's refusal to even rule on his Petition flies in the face of the intention of the statute, which was to provide redress for those with hardships. He has clearly demonstrated a need for the return of the vehicle.

For the foregoing reasons, it is respectfully submitted this court should order the release of Mr. Bromley's vehicle to him during the pendency of administrative and/or judicial forfeiture proceedings.

Dated: February 14, 2008

Respectfully submitted,

RICHARD M. BARNETT

Attorney for Petitioner
PAUL BROMLEY

# PROOF OF SERVICE

I, Liliana Solorio, do hereby state:

That I am a citizen of the United States, over the age of eighteen years, and not a party to the within action.

That my business address is 105 West F Street, 4th Floor, San Diego, California.

That on February 14, 2008, I hand delivered, in San Diego, California, in the above-entitled action, in an envelope: Petition of PAUL BROMLEY for Release of Seized Vehicle to the office of the following individuals:

Mary Lundberg
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street
San Diego, CA 92188

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of February, 2008, at San Diego, California.

_____
LILIANA SOLORIO

5

**EXHIBIT A**

# SEIZED ASSET CLAIM FORM

Seizure No. Unknown
Date of Seizure: 12-28-07
Place of Seizure: San Ysidro Port of Entry
Item Seized: One 2002 Ford Ranger, California License 8A79085
Owner: Paul Bromley

I hereby request that the Government file a Complaint for Judicial Forfeiture of the seized property described below. I have filled in all three parts, as required.

PART I

List all the items in which you claim an interest. Include sufficient information to identify the items, such as serial numbers, make and model numbers, tail numbers, photographs, and so forth. Attach additional sheets of paper if more space is needed.

One 2002 Ford Ranger, California License 8A79085.

PART II

State your interest in each item of property listed above. Provide any documents that support your claim of interest, such as titles, registrations, bills of sale, receipts, and so forth. Attach additional sheets of paper if more space is needed.

I am an owner of the seized vehicle.

PART III (ATTESTATION AND OATH)

I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief.


PAUL BROMLEY                          January 25, 2008
Name (Print)                          Date


Signature

*A FALSE STATEMENT OR CLAIM MAY SUBJECT A PERSON TO PROSECUTION UNDER 18 U.S.C. 1001 AND/OR 1621 AND IS PUNISHABLE BY A FINE AND UP TO FIVE YEARS IMPRISONMENT.*

01/25/2008  11:02    9516951832              POSTALANNEX                          PAGE  02

# HARDSHIP PETITION
## [18 U.S.C. Section 983(f)(1)]

Seizure No: Unknown
Date of Seizure: 12-28-07
Place of Seizure: San Ysidro Port of Entry
Item Seized: One 2002 Ford Ranger, California License 8A79085
Owner: Paul Bromley

I, Paul Bromley, am the registered and legal owner of the seized 2002 Ford Ranger.

I petition for the release of my truck pursuant to Title 18, United States Code, Section 983(f)(1) based on the following facts:

    (A)    I am the registered and legal owner of the vehicle.

    (B)    I have sufficient ties to the community to provide assurance that the vehicle will be available at the time of trial. I am a United States citizen and have been a resident of Southern California since my birth.

    (C)    The continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to me for the following reasons. I work the graveyard shift at the Pechanga Resort and Casino. I reside in the mountains above Anza, California with my wife and 15 month old child. The closest public transportation is approximately 30 miles away. In case of an emergency while I am at work, my wife has no way to get to a hospital, other emergency care or a doctor. In addition, we live in a fire danger zone, and she has no transportaiton while I am at work to flee our home if necessary. Finally, on occasion it snows where we live and our other car which I use to get to work, a Toyota Corolla cannot handle the snow. Additionally, I need the vehicle to tend to the normal necessities of life such as grocery shopping, going to doctors appointments, etc.

    (D)    The likely hardship from the continued possession by the Government of the vehicle outweighs the risk the vehicle will be destroyed, damaged, lost or transferred if it is returned to me during the pendency of the proceedings. Insurance has always been maintained on the vehicle and will continue to be maintained should the vehicle be released.

Dated: January 23, 2008

_____
PAUL BROMLEY

```
UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 147677     - BH
* * C O P Y * *
February 14, 2008
      16:27:41

     Civ Fil Non-Pris
USAO #.: 08CV0300 CIVIL FILING
Judge..: MARILYN L HUFF
Amount.:                  $350.00 CK
Check#.: BC# 247


        Total-> $350.00


     FROM: BROMLEY V. U.S.A.
           CIVIL FILING
```

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
PAUL BROMLEY

**DEFENDANTS**
UNITED STATES OF AMERICA

FILED
08 FEB 14 PM 4:45
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Richard M. Barnett
105 West F Street, 4th Floor
San Diego, CA 92101
(619) 231-1182

**ATTORNEYS (IF KNOWN)**
'08 CV 0300 H AJB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ■ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).** Petition for Release of seized Vehicle. (18 USC 983(f)(1)

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ■ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

■ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23  **DEMAND $**  Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ■ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE _____  Docket Number _____

DATE 2-14-08    SIGNATURE OF ATTORNEY OF RECORD _____

PAID $350- 2/14/08 BH RCPT# 147677

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

CR